I. H. ROBINSON, Respondent, v. CITY OF SPRING-
    FIELD, Appellant.

**St. Louis Court of Appeals, October 1, 1900.**

Practice, Appellate: TESTIMONY, CONFLICT OF. It is not the pro-
    vince of an appellate court to weigh the testimony, and the verdict
    will be sustained where there is merely a conflict in evidence.

Appeal from the Greene Circuit Court.—*Hon. B. U. Massey,*
                    Special Judge.

AFFIRMED.

*Arch. A. Johnson* for appellant.

The appellant's motion for a new trial should have
been sustained. Where the verdict of a jury is not sup-
ported by the weight of evidence the trial court should set
aside the verdict and grant a new trial. Reed v. Piedmont
& A. L. Iron Co., 58 Mo. 429; Iron Mountain Bank v. Arm-
strong, 92 Mo. 281; Helm v. Bassett, 9 Mo. 54; Hull v. Mo.
Pac. Ry. Co., 60 Mo. App. 597.

No brief furnished for respondent.

BIGGS, J.—This is an action for personal injuries.
The plaintiff claims that she received certain injuries by
reason of a defective sidewalk. Her evidence tended to prove
that there was a hole about two feet square in the pavement on
Boonville street in the city of Springfield; that the bricks
from that portion of the sidewalk had been removed or had

Robinson v. Springfield.

worn out, and that other bricks near the edge of the aperture were loose; that the plaintiff in passing along the sidewalk in the evening stepped on one of the loose bricks, which turned under her foot, causing her to fall into the hole, on account of which she sprained her ankle. There was also evidence tending to prove that the sidewalk at that place had been out of repair for several weeks. The plaintiff recovered a judgment for three hundred and fifty dollars, from which the defendant has appealed.

The defendant makes no complaint of the admission or rejection of evidence, nor of the action of the court in reference to the instructions. The only assignment of error is that the verdict of the jury is against the great weight of the evidence. Under repeated decisions we can not disturb the judgment on this ground. It is not our province to weigh the testimony. In rare cases appellate courts will set aside verdicts and judgments which are manifestly the result of passion or prejudice. Such a conclusion is only justified where the proof in support of the verdict is at war with the physical or other facts which renders its truth highly improbable. We have no such case here. The plaintiff's evidence tended to prove the alleged defect, and that it had been in existence a sufficient length of time to warrant the jury in finding that the defendant's officers had notice of it, and that the plaintiff received her injuries by reason of it. The defendant established by the testimony of a greater number of witnesses that the sidewalk was not out of repair. This merely created a conflict in the evidence.

With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered.